1
2
3
4
5
6
7
8
9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  AUDIGIER BRAND MANAGEMENT GROUP, LLC, a California limited liability company, | Case No. 2:15-cv-07803-DDP(FFMx) [Assigned to the Hon. Frederick F. Mumm] |
| 15           Plaintiff, | **[PROPOSED] ORDER ADOPTING STIPULATION AND PROTECTIVE ORDER** |
| 16           v. | |
| 17  RHITA PEREZ a.k.a. RUTH PEREZ a.k.a. RUTH KRAIF, an individual; SERGE KRAIF, an individual; GILLES DYAN a.k.a. GILLES DAYAN, an individual; and DOES 1 THROUGH 20, inclusive, | **[Filed Concurrently With Stipulation and Protective Order]** |
| 20           Defendants. | |

HUFFINE CHUNG, APC
2202 S. FIGUEROA ST. #356
LOS ANGELES, CA 90007

                                                    **[PROPOSED] ORDER**

Subject to approval of this Court, the parties to this action, through their counsel of record, have stipulated and agreed that an order under Federal Rule of Civil Procedure 26(c) is necessary and useful to protect the confidentiality of documents and other information obtained in the course of discovery in this case, and have stipulated and agreed to be bound by the terms of this Stipulation and Protective Order ("Protective Order").

The materials to be exchanged in the course of this litigation may contain confidential information, including but not limited to confidential and/or sensitive financial information that may be protected by federal or state privacy laws, trade secret or other confidential research, marketing, financial or other commercial information. The purpose of this Protective Order is to protect the confidentiality of such materials during the litigation.

## DEFINITIONS

1. The term "Confidential Information" shall mean and include any information which has not been made public, regardless of the medium or manner in which it is generated, stored, maintained, or produced (including, among other things, testimony, transcripts, documents and other tangible things), which is deemed by a party to this case to constitute confidential and/or sensitive confidential information, including but not limited to trade secrets; proprietary or sensitive financial information, including but not limited to financial data, tax returns, bank statements, investments accounts, brokerage accounts, account numbers; sales; purchases; shipments; transfers; amount or source of any income; profits, losses or expenditures of any person, firm, partnership, corporation or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or organization from which the information was obtained.

The term "Counsel" shall mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms:

1.  Huffine Chung, APC; Fickel & Davis; and Rowe Mullen LLP.

2.  The term "designating party" shall mean a party that designates information as Confidential Information.

3.  Each party to this litigation may designate information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" if, in the good faith belief of such party and its Counsel, the materials fall within the Confidential Information definition herein and the disclosure of such information could be prejudicial to the business or operations of such party, or would violate court orders and/or confidentiality restrictions involving parties not involved in this litigation.

4.  To designate as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," the producing party must mark each page of the document with the appropriate designation before producing it. However, for documents produced by another party or a non-party, or court transcripts, or any documents produced prior to entry of this Protective Order, a party can assert confidentiality through correspondence to all other parties that specifically identifies each document that will receive a confidentiality designation.

5.  Deposition testimony and/or deposition exhibits shall be designated on the record during the deposition whenever possible. A party may also designate such testimony and exhibits after transcription of the proceedings; a party shall have until twenty (20) days after receipt of the deposition transcript to inform the other party or parties of the portions of the transcript so designated.

6.  Designation of Confidential Information as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall extend to all copies, excerpts, data, summaries, and compilations derived from such Confidential Information, as well as any testimony, conversations, or presentations by the parties

hereto or their counsel that discloses such Confidential Information.

7. If a party, through inadvertence, produces any Confidential Information without designating it in accordance with this Protective Order, the designating party may give written notice to the receiving party[ies] that the information produced is deemed "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" and should be treated in accordance with that designation under this Protective Order. Upon receipt of such notice, the receiving party must treat the Confidential Information as designated hereunder. If the receiving party has already in good faith disclosed the information before receiving such notice, the receiving party shall have no liability for such good faith disclosure, but shall notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

8. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be used solely in connection with this litigation, and not for any other purpose, including any business or competitive purpose or function.

9. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be viewed only by (a) Counsel; (b) outside experts or consultants retained for purposes of this litigation; (c) court reporters and videographers in connection with transcribing or recording a deposition or hearing; (d) the Court and its personnel; and (e) the jury.

10. Information designated "CONFIDENTIAL" shall be viewed only by those persons designated in paragraph 10 above, and by the parties (or employees

thereof), provided each such party or employee of a party has read this Protective Order in advance of disclosure and has agreed in writing, by executing an Acknowledgment in the form attached hereto as Exhibit "A," to be bound by its terms. This requirement does not apply to the Court or court personnel.

11. The right of any expert or consultant to receive any information designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall be conditioned on the expert's prior execution of an Acknowledgment in the form attached hereto as Exhibit "A." Notwithstanding the foregoing, any expert or consultant who works for a competitor of the producing party may not receive Confidential Information of that party.

12. Nothing herein shall prohibit a party, or its counsel, from disclosing a document designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" to any person indicated on the face of the document to be its originator, author or recipient.

13. Each person receiving Confidential Information designated hereunder shall maintain it in a manner which ensures that access is limited to persons entitled to receive it under this Protective Order. If such Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

14. At any stage of these proceedings, any party may object to a designation of information as "CONFIDENTIAL INFORMATION," "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY." The party objecting to confidentiality shall notify counsel for the designating party in writing of the objected-to materials and the grounds for the objection. The parties shall first

make a good faith effort to resolve the objection informally. If the dispute is not resolved within ten (10) business days of receipt of such a notice of objections, the objecting party may file a motion with the Court. Until the Court rules on the motion (or the matter is resolved between the parties), the materials at issue shall be treated as Confidential Information as designated by the designating party.

15. Any party seeking to file with the Court any documents or other evidentiary material designated as "CONFIDENTIAL INFORMATION," "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall seek permission of the Court to file such documents or other material under seal in accordance with Local Rule 79-5.1. A motion to file under seal shall be served on all parties, and the documents or other materials in question shall be lodged with the Court conditionally under seal.

16. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds permitted by the Federal Rules of Civil Procedure, including that the material is protected as attorney-client privileged or attorney work product.

17. Nothing herein shall be construed to prevent disclosure of Confidential Information designated hereunder if such disclosure is required by law or by order of the Court. In the event that such disclosure is required, the party or other person who is obligated to disclose shall promptly upon receipt of the order or other process requiring the disclosure notify in writing the party who designated the Confidential Information.

18. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, Counsel for each party

may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court, as well as deposition transcripts and summaries of those transcripts that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed or returned, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

19. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

/ / /

/ / /

20. The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) is already public knowledge; (c) has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's knowledge lawfully and independently of the production by the designating party.

21. All provisions of this Protective Order shall survive the conclusion of this action, and shall continue to be binding after the conclusion of this action unless subsequently modified by agreement of the parties or further order of this Court. For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction over the parties and all persons provided access to Confidential Information under the terms of this Protective Order.

22. All persons bound by this Protective Order are hereby notified that if this Protective Order is violated in any manner, all persons and entities who commit such violations are subject to any and all monetary and other sanctions as the Court, after a hearing, deems to be just.

23. The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. Additionally, this Protective Order may be modified by agreement of the parties, subject to approval by the Court.

24. The terms and provisions of this Protective Order, and designation of any Confidential Information hereunder, shall also apply to and bind any party who appears in this action subsequent to the entry of this Protective Order.

25. The terms and provisions of this Protective Order shall be binding on the parties as a confidentiality agreement regardless of whether the Court ultimately enters it as an Order.

1     Having considered the Stipulation and Protective Order, and with good cause
2 appearing, the Court hereby adopts the parties' Stipulation and Protective Order as
3 the order of the Court in this matter.

5     IT IS SO ORDERED.

6 Dated: August 19, 2016                    /S/FREDERICK F. MUMM
7                                                    Hon. Frederick F. Mumm
8                                               United States Magistrate Judge